UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

In re:

CURTIS CATO, SR.
IRIS CATO,

Debtors.

Bankruptcy Case No. 13-31013 EEB
Chapter 7

**ORDER DENYING MOTION TO REOPEN CASE**

THIS MATTER comes before the Court on the Motion to Reopen Case filed by the Debtor Iris Cato ("Debtor"). The Court, having considered the Motion and its file in this case and in Debtor's dismissed chapter 13 case (14-23920 EEB), and being otherwise advised,

FINDS that the Debtor seeks a ruling that a separate entity, Scott's Tax Service, LLC, received a discharge in this case. The Debtor believes Scott's Tax Service, LLC received a discharge because she listed the entity on her Schedule H as a "co-debtor." The Bankruptcy Code and Rules require debtors to disclose other entities also liable on debts that the debtors seek to discharge in a chapter 7 case. Listing an entity as a co-debtor on Schedule H does not, however, provide that the entity receives a discharge. The only parties that obtained a discharge in the instant case were the Debtors Curtis Cato Sr. and Iris Cato. The Court dismissed Case No. 14-23920 EEB without entering a discharge.

FURTHER FINDS that non-individual debtors cannot file chapter 13 and are not entitled to a discharge under chapter 7. *See* 11 U.S.C. § 109(e) ("only *an individual* with regular income . . . may be a debtor under chapter 13") and 11 U.S.C. § 727(a)(1) ("[t]he court shall grant the debtor a discharge unless . . . the debtor *is not an individual*." Thus, Scott's Tax Service, LLC cannot obtain a discharge in any chapter 7 or 13 bankruptcy case.

FURTHER FINDS that the Debtor also requests the Court to sanction Renee Muniz, Shawn Jones and their attorneys for knowingly violating the automatic stay as a result of a civil action filed in the District Court for the City and County of Denver on October 5, 2015. However, the Court dismissed this case on February 5, 2015 and dismissed case No. 14-23920 EEB on the same date. Therefore, there was no automatic stay in place in either case on October 5, 2015. *See* 11 U.S.C. § 362(c).

FURTHER FINDS that the Court may deny a debtor's request to reopen a case if reopening would afford the debtor no relief. *In re Schicke*, 290 B.R. 792, 798-99 (10th Cir. BAP 2003). Here, the Court cannot grant the Debtor the relief she seeks in her motion to reopen. Therefore, the Court

ORDERS that the Motion to Reopen is DENIED.

DATED this 27th day of February, 2018

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge